FILED

3-21-13

MAR 2 1 2013

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE FEINERMAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. |
| v. | ) | |
| | ) | Violations: Title 18, United States |
| VENUS PEARSON | ) | Code, Sections 641, 1028A, 1341, 1343, and 2 |

MAGISTRATE JUDGE COX

**COUNT ONE**

13CR 0237

The SPECIAL JANUARY 2012 GRAND JURY charges:

1.     At times material to this indictment:

(a)     The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury. Taxpayers who were entitled to a refund of federal individual income taxes could claim that refund either by signing and filing in person a U.S. Individual Form 1040, 1040A, 1040EZ (collectively referred to hereinafter as "Form 1040"), by mailing a Form 1040, or by participating in the "Electronic Filing" program.

(b)     The information that the Form 1040 required the taxpayer to provide included, but was not limited to, the taxpayer's name and address, social security number, filing status, number and personal identifying information of dependents, sources and amounts of total income for the tax year, the amount of federal income tax withheld during the tax year, any credits for which the taxpayer was eligible, and the amount of tax due or refund claimed. The taxpayer was required to provide information contained in the Form W-2 for any wages or salary claimed. Depending on the circumstances and submissions of the particular taxpayer, various other schedules and forms also were required to be attached to the Form 1040.

(c)     The Earned Income Tax Credit ("EIC") was a special tax credit for certain people who worked and earned below a threshold level of income, taking into account all taxable

1

and non-taxable income. The EIC reduced the amount of income tax owed by an individual taxpayer, and was intended to offset increases in living expenses and social security taxes.

(d)     Information contained in the Form 1040, including, but not limited to, the attached forms and schedules, was material to the IRS in determining and issuing taxpayer refunds under the internal revenue law. After receiving the Form 1040, the IRS issued a refund to the taxpayer if there were no outstanding tax liabilities or other federally authorized deductions on record with the IRS.

(e)     VENUS PEARSON ("PEARSON") had signatory authority over at least nine bank accounts maintained at the following banks: Citibank, U.S. Bank, TCF Bank, and Guaranty Bank.

2.     Beginning not later than in or about January 2008, and continuing until not earlier than in or about November 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

VENUS PEARSON,

defendant herein, along with others known and unknown to the Grand Jury, knowingly devised, intended to devise, and participated in a scheme to defraud and to obtain money and property from the United States Treasury Department by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3.     It was part of the scheme that VENUS PEARSON obtained personal identifying information about individuals without their knowledge, including names, dates of birth, and social security numbers. PEARSON obtained this personal identifying information in order to file false and fraudulent individual income tax returns with the IRS in the names of those individuals, or

2

claim those individuals as dependents on false and fraudulent individual income tax returns filed with the IRS in another individual's name.

4.     It was further part of the scheme that VENUS PEARSON prepared and electronically filed, and caused to be prepared and electronically filed, with the IRS at least approximately 100 false and fraudulent individual federal income tax returns (Forms 1040) for tax years that included tax years 2007, 2008, 2009, and 2010. The false and fraudulent returns were made out in the names of actual persons, whose identities VENUS PEARSON had stolen. These returns claimed false amounts related to items of income, credits, and deductions, including, but not limited to, fictitious Schedule C business income, Schedule B interest income, wages, federal tax withholdings, EICs, and education and other credits. As a result of the inclusion of the fictitious income, credits, and deductions, these returns showed tax refunds owing to the taxpayers at the time of the filing of the returns.

5.     It was further part of the scheme that, in order to make the false and fraudulent returns appear legitimate, VENUS PEARSON obtained the electronic identification numbers (EINs) of real businesses. Using these EINs, VENUS PEARSON created and caused to be created fake and fraudulent Forms W-2 and 1099 that purportedly had been issued by those businesses.

6.     It was further part of the scheme that VENUS PEARSON electronically transmitted the false and fraudulent returns via interstate wire from the Northern District of Illinois to IRS Service Centers in Kansas City, Missouri, Philadelphia, Pennsylvania, Andover, Massachusetts, and elsewhere.

7.     It was further part of the scheme that VENUS PEARSON fraudulently caused the United States Department of Treasury, IRS, to issue refunds for the false and fraudulent returns totaling in excess of approximately $750,000. VENUS PEARSON caused these refunds to be

deposited electronically into bank accounts she controlled.

8.      It was further part of the scheme that PEARSON concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence and purpose of the scheme.

9.      On August 5, 2010, at Westchester, in the Northern District of Illinois, Eastern Division, and elsewhere,

VENUS PEARSON,

defendant herein, for the purpose of executing the scheme described above, did knowingly cause to be transmitted by means of wire communication in interstate commerce from Westchester, Illinois, to the IRS in Kansas City, Missouri, certain signs and signals, namely, a United States Individual Income Tax Return (Form 1040 and attachments) for the tax year 2009 on behalf of Taxpayer J.D., which was false and fraudulent as to material matters, in that defendant VENUS PEARSON stated and caused to be stated in that return:

(a)      On Form 1040, line 7, and Form W-2, that Taxpayer J.D. earned wages of $12,000 from Prudential Preferred Property;

(b)      On Form 1040, line 16b, and Form 1099-R, that Taxpayer J.D. received a pension and annuities distribution from Advanced Womens Care 401 K Profit S of $29,000;

(c)      On Form 1040, line 61, that Taxpayer J.D. withheld $12,200 in federal income taxes from Forms W-2 and 1099; and

(d)      On Form 1040, lines 72 and 73a, that Taxpayer J.D. overpaid her federal taxes in the amount of $6,894 and was entitled to a refund of that amount;

Whereas, in fact, as the defendant knew, such statements were false and fraudulent;

In violation of Title 18, United States Code, Sections 1343 and 2.

4

## COUNT TWO

The SPECIAL JANUARY 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 8 of Count One are realleged and incorporated herein by reference as if fully set forth here

2.      On September 7, 2010, at Westchester, in the Northern District of Illinois, Eastern Division, and elsewhere,

VENUS PEARSON,

defendant herein, for the purpose of executing the scheme described above, did knowingly cause to be transmitted by means of wire communication in interstate commerce from Westchester, Illinois, to the IRS in Kansas City, Missouri, certain signs and signals, namely, a United States Individual Income Tax Return (Form 1040 and attachments) for the tax year 2009 on behalf of Taxpayer M.C., which was false and fraudulent as to material matters, in that defendant VENUS PEARSON stated and caused to be stated in that return:

(a)      On Form 1040, line 7, and Form W-2, that Taxpayer M.C. earned wages of $12,000 from Prudential Preferred Property;

(b)      On Form 1040, line 16b, and Form 1099-R, that Taxpayer M.C. received a pension and annuities distribution from Ed Womens Care 401 K Profit Sharing of $29,000;

(c)      On Form 1040, line 61, that Taxpayer M.C. withheld $12,200 in federal income taxes from Forms W-2 and 1099; and

(d)      On Form 1040, lines 72 and 73a, Taxpayer M.C. overpaid her federal taxes in the amount of $6,894 and was entitled to a refund of that amount;

Whereas, in fact, as the defendant knew, such statements were false and fraudulent;

In violation of Title 18, United States Code, Sections 1343 and 2.

5

## COUNT THREE

The SPECIAL JANUARY 2012 GRAND JURY further charges:

1.     Paragraphs 1 through 8 of Count One are realleged and incorporated herein by reference as if fully set forth here.

2.     On October 6, 2010, at Westchester, in the Northern District of Illinois, Eastern Division, and elsewhere,

VENUS PEARSON,

defendant herein, for the purpose of executing the scheme described above, did knowingly cause to be transmitted by means of wire communication in interstate commerce from Westchester, Illinois, to the IRS in Kansas City, Missouri, certain signs and signals, namely, a United States Individual Income Tax Return (Form 1040 and attachments) for the tax year 2009 on behalf of Taxpayer C.P., which was false and fraudulent as to material matters, in that defendant VENUS PEARSON stated and caused to be stated in that return:

(a)     On Form 1040, line 7, and Form W-2, that Taxpayer C.P. earned wages of $14,000 from Advanced Horizon Inc.;

(b)     On Form 1040, line 8a, and Schedule B, that Taxpayer C.P. earned taxable interest from Chase Bank of $12,058;

(c)     On Form 1040, line 61, that Taxpayer C.P. withheld $8,477 in federal income taxes from Forms W-2 and 1099; and

(d)     On Form 1040, lines 72 and 73a, Taxpayer C.P. overpaid his federal taxes in the amount of $6,746 and was entitled to a refund of that amount;

Whereas, in fact, as the defendant knew, such statements were false and fraudulent;

In violation of Title 18, United States Code, Sections 1343 and 2.

6

## COUNT FOUR

The SPECIAL JANUARY 2012 GRAND JURY further charges:

1.     Paragraphs 1 through 8 of Count One are realleged and incorporated herein by reference as if fully set forth here at length.

2.     On October 12, 2010, at Westchester, in the Northern District of Illinois, Eastern Division, and elsewhere,

### VENUS PEARSON,

defendant herein, for the purpose of executing the scheme described above, did knowingly cause to be transmitted by means of wire communication in interstate commerce from Westchester, Illinois, to the IRS in Kansas City, Missouri, certain signs and signals, namely, a United States Individual Income Tax Return (Form 1040 and attachments) for the tax year 2009 on behalf of Taxpayer F.M., which was false and fraudulent as to material matters, in that defendant VENUS PEARSON stated and caused to be stated in that return:

(a)     On Form 1040, line 7, and Form W-2, that Taxpayer F.M. earned wages of $12,000 from Prudential Preferred Property;

(b)     On Form 1040, line 16b, and Form 1099-R, that Taxpayer F.M. received a pension and annuities distribution from Ed Womens Care 401 K Profit Sharing of $29,000;

(c)     On Form 1040, line 61, that Taxpayer F.M. withheld $12,200 in federal income taxes from Forms W-2 and 1099; and

(d)     On Form 1040, lines 72 and 73a, Taxpayer F.M. overpaid her federal taxes in the amount of $6,894 and was entitled to a refund of that amount;

Whereas, in fact, as the defendant knew, such statements were false and fraudulent;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIVE

The SPECIAL JANUARY 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 8 of Count One are realleged and incorporated herein by reference as if fully set forth here.

2.      On October 17, 2011, at Westchester, in the Northern District of Illinois, Eastern Division, and elsewhere,

### VENUS PEARSON,

defendant herein, for the purpose of executing the scheme described above, did knowingly cause to be transmitted by means of wire communication in interstate commerce from Westchester, Illinois, to the IRS in Kansas City, Missouri, certain signs and signals, namely, a United States Individual Income Tax Return (Form 1040 and attachments) for the tax year 2010 on behalf of Taxpayer J.M., which was false and fraudulent as to material matters, in that defendant VENUS PEARSON stated and caused to be stated in that return:

(a)      On Form 1040, line 16b, and Form 1099-R, that Taxpayer J.M. received a pension and annuities distribution from Oak Hills Home Owners Association of $16,390;

(b)      On Form 1040, line 61, that Taxpayer J.M. withheld $6,300 in federal income taxes from Forms W-2 and 1099; and

(c)      On Form 1040, lines 73 and 74a, Taxpayer J.M. overpaid his federal taxes in the amount of $5,597 and was entitled to a refund of that amount;

Whereas, in fact, as the defendant knew, such statements were false and fraudulent;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SIX

The SPECIAL JANUARY 2012 GRAND JURY further charges:

1.      Paragraph  1 of Count One is realleged and incorporated herein by reference as if fully set forth here.

2.      On or about September 12, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### VENUS PEARSON,

defendant herein, did steal, purloin, and knowingly convert to her own use money of the United States, namely, a $2,922 federal income tax refund in the name of taxpayer M.D., belonging to the United States Department of Treasury, an agency of the United States, which funds defendant was not entitled to receive;

In violation of Title 18, United States Code, Section 641.

## COUNT SEVEN

The SPECIAL JANUARY 2012 GRAND JURY further charges:

1.      Paragraph 1 of Count One is realleged and incorporated herein by reference as if fully set forth here.

2.      On or about October 10, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### VENUS PEARSON,

defendant herein, did steal, purloin, and knowingly convert to her own use money of the United States, namely, an approximately $2,822 federal income tax refund in the name of taxpayer T.M., belonging to the United States Department of Treasury, an agency of the United States, which funds defendant was not entitled to receive;

In violation of Title 18, United States Code, Section 641.

## COUNT EIGHT

The SPECIAL JANUARY 2012 GRAND JURY further charges:

1.     Paragraph  1 of Count One is realleged and incorporated herein by reference as if fully set forth here.

2.     On or about October 24, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### VENUS PEARSON,

defendant herein, did steal, purloin, and knowingly convert to her own use money of the United States, namely, a $2,922 federal income tax refund in the name of R.C., belonging to the United States Department of Treasury, an agency of the United States, which funds defendant was not entitled to receive;

In violation of Title 18, United States Code, Section 641.

11

## COUNT NINE

The SPECIAL JANUARY 2012 GRAND JURY further charges:

1.      Paragraph 1 of Count One is realleged and incorporated herein by reference as if fully set forth here.

2.      On or about July 19, 2010, at Bellwood, in the Northern District of Illinois, Eastern Division, and elsewhere,

### VENUS PEARSON,

defendant herein, did steal, purloin, and knowingly convert to her own use money of the United States, namely, a $6,595 federal income tax refund in the name of C.B., belonging to the United States Department of Treasury, an agency of the United States, which funds defendant was not entitled to receive;

In violation of Title 18, United States Code, Section 641.

## COUNT TEN

The SPECIAL JANUARY 2012 GRAND JURY further charges:

1.     Paragraph 1 of Count One is realleged and incorporated herein by reference as if fully set forth here.

2.     On or about February 23, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

VENUS PEARSON,

defendant herein, did steal, purloin, and knowingly convert to her own use money of the United States, namely, an approximately $6,576 federal income tax refund in the name of N.G., belonging to the United States Department of Treasury, an agency of the United States, which funds defendant was not entitled to receive;

In violation of Title 18, United States Code, Section 641.

## COUNT ELEVEN

The SPECIAL JANUARY 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 9 of Count One are realleged and incorporated herein by reference as if fully set forth here.

2.      In or about August 2010, at Westchester, in the Northern District of Illinois, Eastern Division, and elsewhere,

### VENUS PEARSON,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the social security number of J.D., during and in relation to the offense conduct described in Count One of this indictment, knowing that the means of identification belonged to another person;

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

14

## **COUNT TWELVE**

The SPECIAL JANUARY 2012 GRAND JURY further charges:

1.      Paragraphs 1 and 2 of Count Eight are realleged and incorporated herein by reference as if fully set forth here.

2.      In or about October 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

VENUS PEARSON,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the social security number of R.C., knowing that R.C. was a real person, during and in relation to the offense conduct described in Count Eight of this indictment, knowing that the means of identification belonged to another person;

In violation of Title 18, United States Code Sections 1028A(a)(1) and 2.

## FORFEITURE ALLEGATION

The SPECIAL JANUARY 2012 GRAND JURY further alleges:

1.     The allegations contained in Counts One through Five of this indictment are incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2.     As a result of the violations of Title 18, United States Code, Section 1343, as alleged in the foregoing indictment,

### VENUS PEARSON,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981 any and all right, title, and interest defendant may have in any property, real and personal, which constitutes and is derived from proceeds traceable to the charged offenses, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3.    The interests of defendants VENUS PEARSON subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), include but are not limited to at least approximately $750,000.

4.    If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred to, sold to, or deposited with a third person;

      c.     has been placed beyond the jurisdiction of the Court;

      d.     has been substantially diminished in value;

      e.     has been commingled with other property which cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461(c);

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

17